IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Nos. CR 11-2014 WJ
DOMINIC SAAVEDRA                         16-CV-507

    Defendant.

**MOTION TO CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

**COMES NOW** the Defendant in this Matter, by and through his counsel, Charles E. Knoblauch, and Moves the Court to enter an Order resentencing him pursuant to United States v. Johnson, 135 S.Ct. 2551 (2015).

On 11 September, 2012 the Petitioner was sentenced by the Honorable Bruce Black as a result of judgements of convictions from a jury trial. Petitioner was sentenced to 188 months on Counts 1 and 2 18 U.S.C. §922(g)(1), 18 U.S.C. §924(a)(2)of the Indictment as an Armed Career Criminal and 300 months as to Count 3 18 U.S.C. §924(c)of the Indictment. The presentence report indicated that the Petitioner had the following prior felony convictions:

    a. Armed Bank Robbery, District of New Mexico Case No. Case No. 01CR00753·002BB

    b. Armed Bank Robbery, District of New Mexico Case No. Case No. 01CR00753·002BB

    c. Unarmed Bank Robbery, District of New Mexico Case No. Case No. 01CR00753·002BB

Prior to sentencing, Mr. Saavedra's counsel objected to the classification of Mr. Saavedra as an Armed Career Criminal. With some prescience and, perhaps having steeped himself in Justice Scalia's dissents in *Skyes v. United States*, 131 S.Ct. 2267, 2286 and *James v. United States*, 127 S.Ct. 1586, 1608 his Objections to the Presentence

1

Report argued:"one of the alleged predicate violent felonies was for bank robbery and not armed bank robbery, with insufficient evidence that the bank robbery was actually a violent crime, contrary to 18 U.S.C. §924 (e)(2)(B)."  (Doc. 86)

However, the law at the time regarded such convictions as appropriate predicate offenses for purposes of the ACCA. As a consequence, the Petitioner was classified as an Armed Career Criminal and, therefore, subject to the mandatory minimum sentence of fifteen years for Count 1.  He was accordingly sentenced to the mandatory minimum set forth in 18 U.S.C. §924(e).

Although he appealed the basis of his convictions in this Matter, specifically Fourth Amendment claims, he did not appeal the application of the sentencing criteria. This is his first petition seeking any relief under 28 U.S.C. §2255.

## Mr. Saavedra's Motion is Timely

This petition is timely under 28 U.S.C. § 2255(f)(3) because it is filed well within one year of the Supreme Court's decision in Johnson which established a newly recognized right that is retroactively applicable to cases on collateral review.[1]

28 U.S.C. § 2255(f)(3) provides for a one-year limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

## Mr. Saavedra's prior conviction for Bank Robbery does not qualify as a violent felony under the ACCA's "residual clause," as that portion of 18 U.S.C. 924(e)(1) is unconstitutionally vague under Johnson v. United States

In light of Johnson v. United States, *supra*, Mr. Saavedra is not ACCA eligible, and his enhanced sentence violates due process.  The Court sentenced Mr. Saavedra

---

[1] Johnson was decided on 26 June, 2015.

2

under the mistaken belief that Unarmed Bank Robbery, contrary to 18 U.S.C. §2113(a) with no firearm enhancer qualifies as a crime of violence under the ACCA's residual clause.  The residual clause was found unconstitutional under <u>Johnson</u>.

<u>Johnson</u> ruled that the residual clause upon which the Mr. Saavedra's sentence was based is unconstitutionally vague "in all its applications." <u>Johnson</u> at 2561. The <u>Johnson</u> court specifically held that its contrary holdings in <u>James</u> and <u>Sykes</u>, upon which the Court placed its reliance in enforcing the ACCA enhancement, "are overruled." *Id*. at 2563.  This is all that is necessary.  Since Mr. Saavedra was sentenced under a statute that violates the Constitution's guarantee of due process, his sentence must be vacated.

### Mr. Saavedra's claim is cognizable under § 2255(a)

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Saavedra's 180 month sentence was imposed in violation of the Constitution because it was predicated on the residual clause. 18 U.S.C § 924(e)(2)(B)(ii). The residual clause is "unconstitutionally vague" and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." <u>Johnson</u>, 135 S.Ct. at 2563.

Because Mr. Saavedra's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply. See <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979) ("[U]nless the claim alleges a lack of jurisdiction or constitutional error, . . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'")

3

(citations omitted); Order, Brown v. United States, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a defendant's claim that he was misclassified as a career offender "is generally not cognizable" under Spencer v. United States, 773 R.3d 1132 (11th Cir. 2014) (*en banc*), "[u]nlike Spencer, Johnson involved a claim of constitutional error"); United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice.") (citations omitted); Narvaez v. United States, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice'") (citations omitted).

<h3 style="text-align:center">The Application of Johnson is Retroactive</h3>

Under Johnson, an ACCA sentence based on the residual clause is beyond the power of the federal courts to impose. Clearly then Johnson is a substantive rule that federal courts must employ retroactively. A number of circuit courts have come to that conclusion. *See* In re Watkins, 810 F.3d 375, 382-83 (6th Cir. 2015); In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015); Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015).

The government has arrived at the same conclusion as well. In Welch v. United States, 136 S. Ct. 790 (2016)[2], the Supreme Court has granted certiorari to address the question whether Johnson applies retroactively in a § 2255 proceeding. In

4

---
[2] Welch was decided 18 April, 2016

that case, the Solicitor General has conceded that <u>Johnson</u> applies retroactively. Brief for the United States, <u>Welch v. United States</u>, No. 15-6418, *available at*, http://www.scotusblog.com/case-files/cases/ welch-v- united-states-2/?wpmp_switcher=desktop (click on "Brief of respondent United States filed").

In sum, the principle that substantive rules must be applied retroactively, the well- established precedent of the Supreme Court and the circuit courts, including the Tenth Circuit, logic and the government's position all require the determination that this court must apply <u>Johnson</u> retroactively to Mr. Saavedra's case in this § 2255 proceeding.

**Conclusion and relief**

Mr. Saavedra is entitled to relief under § 2255 because, in light of <u>Johnson</u>, his sentence violates due process of law. This Court should vacate his erroneous ACCA sentence and re-sentence him without the ACCA enhancement.

| | |
|---|---|
| This will certify that a copy of the foregoing was sent to all counsel of record on the _1st __ day of June__, 2016.<br>*Electronically Signed*<br>Counsel for Defendant | Respectfully Submitted,<br>*Electronically Signed*<br>Charles E. Knoblauch<br>1412 Lomas NW<br>Albuquerque, NM 87104<br>Phone:  (505) 842-0392 |

5