IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                           Civ. No. 16-507 WJ/KK
                                                             (Cr. No. 11-2014 WJ)

DOMINIC SAAVEDRA,

    Defendant/Petitioner.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ("PFRD")**

This matter is before the Court on Dominic Saavedra's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, (Doc. 1) ("Section 2255 Motion"), filed May 31, 2016. In his Motion, Defendant Dominic Saavedra ("Defendant" or "Mr. Saavedra") seeks an order vacating his fifteen-year sentence of imprisonment for a felon in possession of a firearm conviction on the grounds that his prior federal unarmed bank robbery conviction no longer qualifies as a predicate qualifying violent felony under the Armed Career Criminal Act, 18 U.S.C. §924(e) ("ACCA"), following the United States Supreme Court's invalidation of its residual clause in *United States v. Johnson*, 135 S.Ct. 2551 (2015). The Court is satisfied that an evidentiary hearing is unnecessary, because Mr. Saavedra's Motion is restricted only to matters of law, its disposition requires no further factual development, and the record of the case conclusively establishes that he is not entitled to relief. *See* 28 U.S.C. § 2255(b) (providing that a court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.") Because federal bank robbery is a crime of violence under the force clause of the ACCA, the Court recommends that Mr. Saavedra's motion be denied.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 20, 2011, Mr. Saavedra was the sole passenger in a vehicle stopped by a Bernalillo County Sheriff's Office deputy, and following an investigation, law enforcement searched Mr. Saavedra and the vehicle.[1]  Among other items, law enforcement discovered a loaded firearm in between the center console and seat in which Mr. Saavedra had been riding, 9.3 net grams of heroin on the floor board of his seat, and a digital scale in his pocket. (Saavedra Presentence Investigation Report ("PSR") [2] at 4-5.)   Based on this evidence, and because Mr. Saavedra was a convicted felon (who less than three months before had been released from the Federal Bureau of Prisons after nearly a decade of imprisonment for a string of bank robbery convictions in 2001) (PSR, ¶ 10)), on July 27, 2011, a federal grand jury charged him in a three count indictment with (1) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute heroin in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession and carrying a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c). (CR Doc. 2.)[3]

On April 3, 2012, a jury convicted Mr. Saavedra of all three counts of the indictment, and on September 11, 2012, the Court sentenced him to a total term of imprisonment of four hundred eighty-eight (488) months in prison – fifteen years of which are at issue here. (CR Doc. 77, Doc. 101.)   Specifically, Mr. Saavedra challenges the Court's finding that he was an armed career criminal subject to a minimum sentence of fifteen years' imprisonment on the felon in possession

---

[1] The parties are familiar with the facts and procedural history of this case which the Tenth Circuit detailed in *United States v. Saavedra*, 549 F. App'x 739, 740–42 (10th Cir. 2013), so the Court discusses only the material necessary to provide context for the present motion.

[2] The PSR was disclosed to the Court and both parties.  Where relevant, the Court cites to or quotes from the PSR. However, as a matter of practice, PSRs are not filed of record in this district, and the Court has opted not to attach it hereto.

[3] References to "CR Doc." are to the docket in Cr. No. 11-2014 WJ (D.N.M.), the underlying criminal case.

of a firearm conviction pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), based on the three predicate 2001 bank robbery convictions which arose out of a single prosecution but which were committed on different occasions against different victims.[4] *See* PSR, ¶ 24.  Two of Mr. Saavedra's convictions were for armed bank robbery and one involved an unarmed bank robbery.  It is the unarmed bank robbery conviction that Mr. Saavedra now challenges as a qualifying predicate offense under the ACCA.[5]

Mr. Saavedra has been in federal custody since June 20, 2011.  (PSR, at 1.)  He filed the Section 2255 Motion presently before the Court on May 31, 2016, less than one year after the United States Supreme Court struck down the ACCA's residual clause in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015) ("*Samuel Johnson*"[6]).  (Doc. 1.)  The Government responded in opposition to the motion on June 6, 2016, and Mr. Saavedra filed a reply on July 5, 2016.  (Docs. 4, 6.)  In his motion, Mr. Saavedra asks the Court to reduce his sentence on his felon in possession of a firearm conviction from fifteen years' to no more than ten years' imprisonment, which is the maximum sentence he would have faced without the ACCA enhancement.  (Doc. 1.)  In support of this request, Mr. Saavedra argues that the enhancement of his sentence was improper, because the Court necessarily relied on the ACCA's "residual clause"

---

[4] Mr. Saavedra does not argue that these convictions should count as only one qualifying predicate for ACCA purposes, and indeed such an argument would fail, because whether prior convictions constitute a single criminal offense or multiple offenses for ACCA purposes depends, not on the date of the convictions, but on whether the crimes were committed at different times.  *See* 18 U.S.C. § 924(e)(1); *United States v. Harris*, 447 F.3d 1300, 1304, n. 2 (10th Cir. 2006) ("Separateness under the ACCA turns on when and where the crimes were committed, not when the convictions were entered.").  Mr. Saavedra's crimes were committed at separate locations at different times and therefore qualify as separate convictions.

[5] As was common practice, the PSR alleged these convictions were "violent felonies" in summary fashion without specifying under which clause of the ACCA they qualified as such.  And, although it seems unlikely that the residual clause was used *at all* in characterizing Petitioner's unarmed federal bank robbery conviction as a "crime of violence," with the record being unclear, the Court does not recommend that Petitioner's motion be denied as untimely under 28 U.S.C. § 2255(f).

[6] The Court will refer to this case as "*Samuel Johnson*" to distinguish it from *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), which it will refer to as "*Curtis Johnson*."

3

to find that his prior unarmed bank robbery conviction was a violent felony under the Act, and the *Samuel Johnson* decision struck down the residual clause as unconstitutionally vague. (*Id.* at 2-3.)

In its response in opposition to Mr. Saavedra's motion, the Government contends that Mr. Saavedra's unarmed bank robbery conviction falls within the still intact force clause of the ACCA "since [federal bank robbery] has as an element the use, attempted use, or threatened use of physical force against the person of another." (Doc. 4 at 2.)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner who

> claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  Relief is available under Section 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted).  The court must presume "that the proceedings leading to the conviction were correct," and the burden is on the movant to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

## III.  ANALYSIS

### A. The *Johnson* Analysis

The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or "serious drug offense" is subject to a minimum term of

4

fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subpart (i) of this definition is known as the "elements clause" or "force clause"; the first portion of subpart (ii) is known as the "enumerated clause"; and, the second, italicized portion of subpart (ii) is known as the "residual clause." *Samuel Johnson*, 135 S. Ct. at 2556; *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016); *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016); *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015).

In *Samuel Johnson*, the Supreme Court struck the ACCA's residual clause as unconstitutionally vague, but left intact its force and enumerated clauses. 135 S. Ct. at 2557, 2563.[7] In determining whether a defendant was convicted under the constitutionally permissible force clause, or under the now stricken, unconstitutional residual clause, courts must generally apply the "categorical approach," considering only the offense's statutory elements, and not the actual facts underlying the movant's prior conviction. *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016); *Gardner*, 823 F.3d at 802; *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011). However, when a statute includes alternative elements that create distinct versions of a crime, courts may employ the "modified categorical approach." *Mathis v. United States*, —

---

[7] The Supreme Court subsequently held that *Samuel Johnson* announced a new substantive rule that applies retroactively on collateral review. *Welch v. United States,* — U.S. —, 136 S. Ct. 1257, 1264-65 (2016).

5

U.S. —, 136 S. Ct. 2243, 2249 (2016) ("[T]his Court approved the 'modified categorical approach' for use with statutes having multiple alternative elements."); *see also*, *United States v. Hood*, 774 F.3d 638, 645 (10th Cir. 2014); *Gardner*, 823 F.3d at 802. When using the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a Movant was convicted of." *Mathis*, 136 S. Ct. at 2449; *Hood*, 774 F.3d at 645.

### B. Federal Bank Robbery Is A "Crime of Violence"

Because the federal bank robbery statute is divisible,[8] the Court applies the modified categorical approach to determine which elements of the statute formed the basis of Mr. Saavedra's unarmed bank robbery conviction. Review of the information, plea agreement, and judgment from Mr. Saavedra's unarmed bank robbery conviction reveal that he was charged and convicted of taking on April 3, 2011, by *force, violence <u>and</u> intimidation* from the person and presence of another, approximately $1,243.00 belonging to and in the care of the New Mexico Educators Federal Credit Union. (*United States v. Saavedra, et al.*, 01-CR-753 BB, Doc. 15, 22, 27.) As discussed below, Mr. Saavedra's crime of conviction thus has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

The relevant portion of the bank robbery statute, 18 U.S.C. § 2113(a), includes three requirements: "(1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken by force and violence, or by intimidation; [and] (3) the deposits of the

---

[8] Section 2113(a) involves at least two sets of divisible elements: (1) taking or attempting to take, by force, violence, or intimidation, property from a bank; and (2) entering or attempting to enter any bank with the intent to commit any felony or larceny. *See* 18 U.S.C. § 2113(a).

6

institution were federally insured ...." The parties' arguments focus on the second requirement – that the money be taken "by force, violence, or intimidation."

By its plain language, bank robbery by "force *and* violence" involves "the use, attempted use, or threatened use of physical force." *See, e.g.*, *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016); *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 830, 197 L. Ed. 2d 72 (2017); *United States v. McNeal,* 818 F.3d 141, 153 (4th Cir.), *cert. denied,* 137 S. Ct. 164, 196 L. Ed. 2d 138 (2016), *and cert. denied sub nom. Stoddard v. United States,* 137 S. Ct. 164, 196 L. Ed. 2d 138 (2016); *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998).

Bank robbery by intimidation equates to the "threatened use of force" within the force clause of the ACCA. To use "intimidation" "is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm." Tenth Circuit Criminal Pattern Jury Instruction 2.77 (2011 Edition (2017 Update)). "It is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the defendant was so violent that it was likely to cause terror, panic, or hysteria. However, a taking would not be by 'means of intimation' if the fear, if any resulted from the alleged victim's own timidity rather than some intimidating conduct on the part of the defendant. The essence of the offense is the taking of money or property accompanied by intentional, intimidating behavior on the part of the defendant." *Id.* Thus, the test to determine intimidation looks to (1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in their fear of death or injury. *United States v. Slater*, 692 F.2d 107, 109 (10th Cir. 1982) (finding that jury could reasonably have found defendant guilty of either bank robbery by intimidation or larceny where unmasked man entered bank, walked unhesitatingly behind counter and began to remove cash from teller's drawer without speaking or

interacting with anyone beyond telling a bank manager to "shut up" when she asked what he was doing because although quiet, defendant was forceful and purposeful in his acts, his behavior was aggressive, and in the context of "an incident of this kind where a weapon and willingness to use it are not uncommon," a jury could conclude defendant "intended and relied upon the surprise and fear of the bank personnel in order to carry out the crime with the cool deliberation that this method showed."); *cf. United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002) ("Demands for money . . . carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result."); *United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) ("[I]ntimidation generally may be established based on nothing more than a defendant's written or verbal demands to a teller…"); *United States v. Clark*, 227 F.3d 771, 775-76 (7th Cir. 2000) (intimidation element met by demand note from which teller could reasonably "suspect and fear that [the defendant] might use physical force to compel satisfaction of his demand for money"); *United States v. Hill*, 187 F.3d 698, 701 (7th Cir. 1999); *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983).

A taking "by intimidation" under § 2113(a) thus involves a perceived threat of bodily harm, which several courts of appeal have concluded is synonymous with a "threatened use of physical force." *United States v. McBride*, 826 F.3d at 295-96 (assessing U.S.S.G § 4B1.2(a)'s identically worded force clause)[9]; *cf United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (assessing 18 U.S.C. § 924(c)'s similarly-worded force clause); *U.S. v. Armour*, 840 F.3d 904 (7th Cir. 2016) (robbery by intimidation under § 2113(a) has as an element the use, attempted

---

[9] The Tenth Circuit has "consistently applied the same analysis" to the career offender provision of the United States Sentencing Guidelines 4B1.2 and the analogous provision of the ACCA for purposes of defining a violent felony, thus, it has endorsed consulting cases analyzing one clause in cases involving the other. *United States v. Mitchell*, 653 Fed. Appx. 639, 642 (10th Cir. 2016) (unpublished) (internal quotation omitted) (citing *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) *abrogated on other grounds by Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017) (citing supporting cases)).

8

use, or threatened use of physical force against the person or property of another and thus qualifies as a crime of violence under § 924(c)); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990); *United States v. Jenkins*, 651 Fed.Appx. 920, 925 (11th Cir. 2016) (unpublished).[10] Courts' reasoning for finding "intimidation" to qualify as a "threated use of physical force" is straightforward: "there can be no robbery unless the purpose of the victim in handing over the money is to avoid force." *U.S. v. Local 807 Teamsters*, 315 U.S. 521, 540, 62 S.Ct. 642 (1942) (Stone, C.J., dissenting on other grounds) (discussing earlier version of federal bank robbery statute); *see also*, *McBride*, 826 F.3d at 295-96 ("intimidation" means conduct and words calculated to create the impression that any resistance or defiance would be met by force… A taking by intimidation under § 2113(a) therefore involves the threat to use physical force."); *U.S. v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) ("'[T]aking by intimidation under 2113(a) occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts.'"). The Court sees no reason to part ways from the persuasive authority of the many federal courts across the nation who agree that 'intimidation' in the bank-robbery statute involves the 'threatened use of physical force' under the force clause of the ACCA.

---

[10]Although the Tenth Circuit since *Johnson* has not squarely addressed the issue, numerous district courts, including many Judges in this district, have determined, unanimously, that § 2113(a) bank robbery whether committed by force and violence, or intimidation constitutes a violent felony under the force clause of the ACCA or the analogous "career offender" provision. *See, e.g., United States of America v. Ybarra,* 16-CV-563 MV/KBM (Proposed Findings and Recommended Disposition ("PFRD"), Doc. 10); *United States of America v. Hurtado*, 16-CV-646 JAP/GJF, (PFRD, Doc. 17); *United States v. Tellez*, 2017 WL 2192975, at *3 (D. Nev. May 18, 2017); *Meeker v. U.S.*, 2016 WL 7388406 (W.D. Wis. Dec. 21, 2016); *United States v. Holmes*, 2016 WL 6947499 (N.D. Cal. Nov. 28, 2016); *Akers v. United States*, 2016 WL 6585285 (W.D.N.C. Nov. 4, 2016); *Chasse v. United States*, 2016 WL 4926154 (D.N.H. Sept. 15, 2016); *Fisher v. United States*, 2016 WL 2609579 (N.D. Ind. May 4, 2016); *Kucinski v. United States*, 2016 WL 4444736 (D.N.H. Aug. 23, 2016); *McGuire v. United States*, 2016 WL 4289189 (E.D. Wis. Aug. 15, 2016); *United States v. Cunningham*, 2016 WL 687902, at *1 (N.D. Ill. Feb. 19, 2016); *Velasco v. United States*, 2015 WL 8276806, at *4 (D. Ariz. Oct. 23, 2015), *report and recommendation adopted* 2015 WL 8140378 (D. Ariz. Dec. 8, 2015) (Although the defendant did not challenge his sentence based on his prior federal bank robbery conviction, the court found that his "conviction for two counts of bank robbery in violation 18 U.S.C. § 2113(a) constitutes a violent felony under the ACCA's force clause).

Defendant's predicate unarmed bank robbery conviction, being based on "force, violence, *and* intimidation" squarely fits the definition of a "crime of violence" under the force clause of the ACCA and he is not entitled to 28 U.S.C. § 2255 relief.

### III.  CONCLUSION

For all of the foregoing reasons, I propose to find that the Motion and record conclusively establish that Defendant is not entitled to the relief he seeks. Consequently, I recommend that the Court DENY Mr. Saavedra's Section 2255 Motion, and that his claims be dismissed with prejudice.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**